UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NORTHFIELD INSURANCE CO.,

               Plaintiff,

                                                                        ORDER
              -against-                                   16-CV-471(SMG)

QUEEN'S PALACE, INC.; ROSEWOOD REALTY,
LLC; NYC KAZI OFFICE INC.; AND VICENTA
MORAN, as Administratrix of the Estate of Eduardo
Rojas,

               Defendants.
-------------------------------------------------------------------X
GOLD, S., Magistrate Judge:

      By letter dated August 4, 2016, Docket Entry 31, Defendant Rosewood Realty, LLC ("Rosewood") moves for reconsideration of a discovery ruling I made during a telephone conference held on July 29, 2016 (the "discovery conference"). Plaintiff Northfield Insurance Company ("Northfield") opposes the motion by letter dated August 8, 2016. Docket Entry 32.

      Plaintiff Northfield brings this action seeking a declaration that it has no duty to defend or indemnify the defendants named in an underlying action pending in New York Supreme Court for Kings County. Complaint ("Compl."), Docket Entry 1. The underlying state court action involves a claim for wrongful death resulting from an assault that took place outside of a night club. The night club was owned and operated by Northfield's insured, Queen's Palace, Inc. ("Queen's Palace"), a defendant in both the state court case and this declaratory judgment action. Compl. ¶¶ 16, 22. The premises where the assault took place was owned by movant Rosewood, also a defendant in both the state court case and this action. There is no allegation that the fatal assault was committed by an employee or agent of Queen's Palace or Rosewood.

Northfield's complaint alleges that the insurance policy at issue contains an exclusion for assault and battery, and that the exclusion's unambiguous language precludes coverage for the underlying state court wrongful death claim. Compl. ¶¶ 26-28. Northfield had indicated its intention to move for summary judgment based upon the exclusion even before the discovery conference was held, and has since filed its motion. Docket Entry 36.

During the conference, I denied Rosewood's application for discovery of the amount reserved by Northfield in connection with the underlying state court action. Counsel for Rosewood argued, "I would like to know what [the] reserve was because I think its material as to the coverage thought process at a given point in time." Tr. of July 29, 2016, Docket Entry 35, at 12. I denied Rosewood's motion, questioning whether any facts other than the policy language would be relevant to determining whether the exclusion is unambiguous and plainly precludes coverage. *Id*. at 11. However, I afforded Rosewood the opportunity to submit case law "hold[ing] that the amount of a reserve is an appropriate consideration for the Court in construing what is otherwise unambiguous contract language in a policy." *Id*. at 12-13.

Taking up my invitation, Rosewood's letter motion argues that disclosure of reserve information is supported by the holding in *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132 (S.D.N.Y. 2012). The Court in *Fireman's Fund* began its analysis by noting the "wide latitude" courts have to determine the scope of discovery. 284 F.R.D. at 135. The Court then observed that cases evaluating demands for reserve information do so "on a case-by-case basis." 284 F.R.D. at 139. As Rosewood correctly points out, the Court in *Fireman's Fund* went on to order disclosure of reserve information. However, it did so only after determining that the information could be relevant to whether the insurer was acting in bad faith or whether the insured had engaged in fraud.

There are no allegations of bad faith or fraud at issue in this case. Northfield's summary judgment motion rests exclusively on the plain language of the policy, and raises no issues about the state of mind or intent of the insurer or insured. Moreover, defendant Rosewood's letter motion does not explain in any further detail why the reserve information it seeks is relevant to its defenses or its anticipated opposition to plaintiff's motion. I therefore conclude, as I did during the conference, that the reserve information sought by Rosewood is, at least at this stage of the litigation, not relevant to Northfield's claim or Rosewood's defense and that, even if it were, the burdens of disclosure would outweigh the importance of the information to resolving the issues in dispute. *See* Fed. R. Civ. P. 26(b)(1).

For all these reasons, Rosewood's motion for reconsideration is denied.

SO ORDERED.

\_\_\_\_\_/s/_____
STEVEN M. GOLD
U.S. MAGISTRATE JUDGE

Brooklyn, New York
September 8, 2016

U:\northfield 090816.docx